IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
ALAN ZINSTEIN and JANE SILK,    )
                                )
     Plaintiffs,                )
                                )
          v.                    )    1:13cv633 (JCC/IDD)
                                )
UNITED STATES OF AMERICA,       )
                                )
     Defendant.                 )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on the United States'
("Defendant" or "United States") Motion to Dismiss Plaintiffs'
Complaint ("Motion"). [Dkt. 5.] The Court granted Defendant's
Motion during oral argument for the reasons set forth below.

### I.    Background

This case arises out of the Internal Revenue Service's
("IRS") alleged failure to timely release a tax lien in
violation of 26 U.S.C. § 6325(a)(1), and the IRS's allegedly
wrongful levies in violation of 26 U.S.C. § 6331.

#### A.    Factual Background

Plaintiffs Allen Zinstein and Jane Silk ("Plaintiffs")
are United States Citizens who reside in Virginia. (Compl. ¶¶
15-16.) Plaintiffs allege that on March 18, 2008, they received
a "payoff calculator" from the IRS listing balances due on

1

various tax years. (Compl. ¶ 3.) The "payoff calculator" listed the following balances due: $7,487.39 for tax year 1999; $4276.60 for tax year 2002; $14,259.26 for tax year 2003; $405.68 for tax year 2004; and $13,173.76 for tax year 2005. (Compl. ¶ 4.)

Plaintiffs allege that prior to March 21, 2008 they filed their 2007 Federal Income Tax Return, Form 1040. (Compl. ¶ 5.) Plaintiffs allege that this return reflected an overpayment – a refund due - of $15,330.00. (Compl. ¶ 5.) Plaintiffs aver that they designated this overpayment towards outstanding tax liabilities as follows: $13,179.76 towards their liability for tax year 2005; and $1,774.58 towards their liability for tax year 2003. (Compl. ¶ 6.) On March 21, 2008, Plaintiffs allege that they hand-delivered a cashier's check in the amount of $24,278.89 to the IRS office in Washington, D.C. (Compl. ¶ 7.) This check was designated towards outstanding tax liabilities as follows: $7,487.39 towards Plaintiffs' liability for tax year 1999; $4,276.60 towards Plaintiffs' liability for tax year 2002; and $12,514.90 towards Plaintiffs' liability for tax year 2003. (Compl. ¶ 8.) Plaintiffs allege that based on the designation in their 2007 tax return and the March 21, 2008

2

payment, the outstanding balances for tax years 1999, 2002, 2003

and 2005 were reduced to zero.  (Compl. ¶ 9.)[1]

       Plaintiffs allege that despite having paid off the

outstanding balances the IRS continued to take collection

actions against them.  (Compl. ¶ 27.)  This collection action

included levies issued against Plaintiffs between April 7, 2008

and September 27, 2011 and the failure to timely release tax

liens.  (Compl. ¶¶ 10, 12).  Plaintiffs allege that the IRS did

not issue a release of lien for tax years 2002, 2003 and 2004

until July 7, 2011.  (Compl. ¶ 19.)  Likewise, the lien for tax

years 1999 and 2005 was allegedly not released until October 7,

2011.  (Compl. ¶ 19.)[2]  Plaintiffs allege that they attempted to

discuss these collection efforts with the Taxpayer Advocate, and

that on August 31, 2011 they met with IRS counsel to discuss the

matter.  (Compl. ¶¶ 31–32.)

       On March 8, 2013, Plaintiffs filed an administrative

complaint with the IRS under 26 U.S.C. § 7433.  (Mem. Ex. 1

[Dkt. 6-1].)  As of the date of Plaintiffs' Complaint, May 23,

---

[1] Plaintiffs' Complaint states that the payoff calculator listed a balance of $405.68 for tax year 2004.  (Compl. ¶ 4.)  Plaintiffs allege that the IRS engaged in wrongful collection activities with regards to tax year 2004 (Compl. ¶¶ 10, 12, 30) but fail to allege that they ever paid the balance for tax year 2004.

[2] Plaintiffs' Complaint states ". . . the IRS failed to issue a release of lien for years 2002, 2003 and 2004 until July 7, 2001.  The IRS failed to issue a release of lien for tax years 1999 and 2005 until October 7, 2001." (Compl. ¶ 12.)  Subsequently, the Complaint states that the dates the liens were released were July 7, 2011 and October 7, 2011 respectively.  (Compl. ¶ 19.)  Reading the Complaint in the light most favorable to Plaintiffs, Court will use the 2011 dates as they fall after the tax years listed in the Complaint.

2013, the IRS had not processed their administrative complaint. (Mem. Ex. 1.) Likewise, as of August 14, 2013, the IRS had not issued a determination on Plaintiffs' administrative action. (Mem. Ex. 1.)

Plaintiffs allege that as a result of the IRS's improper actions they incurred over $1,000,000.00 in losses and expenses. (Compl. ¶ 29.) Plaintiffs' alleged losses include: (1) $25,000.00 in legal fees; (2) $250,000.00 in CPA, accounting and consulting fees; (3) $15,000.00 in travel fees; (4) $1,000.00 in postage; and (5) $1,000.00 in courier fees. (Compl. ¶ 29.) Additionally, Plaintiffs claim losses stemming from "loss of credit, higher interest expenses, lost time from work, loss of income, and deterioration of health." (Compl. ¶ 29.)

B.    Procedural Background

On May 23, 2013, Plaintiffs filed their Complaint against the United States. [Dkt. 1.] On August 19, 2013, Defendant filed its Motion to Dismiss Plaintiffs' Complaint and accompanying memorandum of law. [Dkts. 5-6.] Plaintiffs filed their opposition on September 4, 2013. [Dkt. 7.] On September 10, 2013, Defendant filed its reply. [Dkt. 8.] On September 27, 2013, the Court heard oral arguments on Defendant's Motion to Dismiss. Plaintiffs' counsel was not present. The Court granted Defendant's motion for the reasons provided below.

## II.        Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Defendants may attack subject matter jurisdiction in one of two ways.  First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed to be true.  *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia v. United States*, 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indon.*, 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may

consider evidence outside the pleadings without converting the proceeding to one for summary judgment" (citations omitted)).

### III.    Analysis

#### A.    Administrative Exhaustion

##### 1. Claims Under Section 7433

Plaintiffs assert a claim under 26 U.S.C. § 7433, which provides a civil damages remedy for unauthorized collection actions taken by an officer or employee of the IRS. (Compl. ¶ 17.)  Defendant argues that the claim should be dismissed for failure to exhaust administrative remedies as required under § 7433(d)(1).  (Mem. at 2.)

Through 26 U.S.C. § 7433(a), the United States has waived sovereign immunity for "misconduct by the IRS."  *Dawveed v. Belkin*, Civil Action Nos. DKC 12-0711, DKC 12-2935, 2013 WL 497990, at *2 (D. Md. Feb. 7, 2013).  A plaintiff bringing suit against the United States must comply with the terms of the Government's waiver of sovereign immunity.  *See Smith v. United States*, 507 U.S. 197, 203 (1993).  To maintain a suit for damages against the United States for unauthorized collection actions by the IRS, a plaintiff must exhaust administrative remedies.  26 U.S.C. § 7433(d)(1).  Importantly, "a plaintiff's failure to comply with this prerequisite deprives the court of jurisdiction over the claim."  *Marcello v. IRS*, Civil Action No. RDB-08-2796, 2010 WL 1663994, at *2 (D. Md. Apr. 21, 2010).

The "administration and enforcement of the Internal Revenue Code is delegated by statute to the Secretary of the Treasury who may prescribe regulations in furtherance the purposes of the code." *Bennett v. United States*, 361 F. Supp. 2d 510, 516 (W.D. Va. 2005) (citing 26 U.S.C. § 7801(a)(1)). The regulations provide that a plaintiff may not maintain a suit in a federal district court

> before the earlier of the following dates: (i) the date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or (ii) the date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

26 C.F.R. § 301.7433-1(d). Paragraph (e) details the procedures that a taxpayer must follow in filing an administrative claim and the information that must be included on the form filed with the IRS. 26 C.F.R. § 301.7433-1(e).

In the instant case, Plaintiffs filed their administrative claim on March 8, 2013.[3] (Mem. Ex. 1.)

---

[3] In considering a motion to dismiss for lack of subject matter jurisdiction, the court may "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Virginia v. United States,* 926 F. Supp. at 540. The Court may consider such evidence without converting the motion to one for summary judgment. *Velasco*, 370 F.3d at 398. Defendant has submitted the Declaration of Barbara Allen, a Revenue Officer Advisory Reviewer for the IRS on the question of the filing date and status of Plaintiffs' administrative claim. (Mem. Ex. 1.) Plaintiffs in their Complaint allege that "the IRS denied Plaintiffs administrative claim for damages under 26 U.S.C. § 7433 and notified Plaintiff that no administrative appeal was available." (Compl. ¶ 39.) Plaintiffs have provided no evidentiary support for this allegation nor do they discuss it further in their opposition brief. The Court therefore finds Defendant's evidence on the filing dates and the status of the administrative claim is not disputed and will conduct its administrative exhaustion inquiry accordingly.

Plaintiffs filed their Complaint in this Court on May 23, 2013.
[Dkt. 1.]  As of the date Plaintiffs' filed their Complaint, a
decision had not been rendered on the claim, as under C.F.R. §
301.7433(d)(i).  (Mem. Ex. 1 ("As of the date plaintiffs filed
their complaint . . . the IRS has not issued any determination
on plaintiffs' section 7433 administrative claim.").)  Likewise,
six months had not passed between Plaintiffs' filing of their
administrative claim – March 8, 2013 – and Plaintiffs' filing a
complaint in this Court – May 23, 2013 – as under C.F.R. §
301.7433(d)(ii).

Plaintiffs argue that despite not waiting the
requisite six months before filing suit in this Court, they may
maintain an action pursuant to C.F.R. § 301.7433-1(d)(2).  This
regulation provides:

> [I]f an administrative claim is filed in
> accordance with paragraph (e) of this section
> during the last six months of the period of
> limitations described in paragraph (g) of this
> section, the taxpayer may file an action in
> federal district court any time after the
> administrative claim is filed and before the
> expiration of the period of limitations.

C.F.R. § 301.7433-1(d)(2).  Plaintiffs argue that their cause of
action accrued in September, 2011 and that the applicable
statute of limitations would therefore expire in September,
2013.  (Opp. at 2.)  Therefore, Plaintiffs claim that their
administrative complaint, filed on March 8, 2013, was filed

8

within the "last six months of the period of limitations" as provided in § 301.7433-1(d)(2).

Plaintiffs' arguments are based on a misunderstanding of the accrual date of their cause of action. Plaintiffs argue that "the government's failure to properly release a levy is a continuing violation and the statute of limitations does not run until the improper levy is released." (Opp. at 2.) The Court rejects Plaintiffs' attempts to invoke a continuing violation theory in the tax levy context.

As Plaintiffs acknowledge, their claim under § 7433 is governed by a two-year statute of limitations. 26 U.S.C. § 7433(d)(3). "A tax collection right of action accrues 'when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.'" *Richard v. United States*, 746 F. Supp. 2d 778, 782 (E.D. Va. 2010) (quoting 26 C.F.R. 301.7433-1(g)(2)). Courts have interpreted this provision to mean that a cause of action accrues when plaintiffs "possess sufficient 'critical facts' to understand their potential injury without knowledge of the appropriate legal remedy." *Id.* Additionally, most courts have rejected the application of a continuing violation theory in this context.[4]

---

[4] "'Continuing violation' jurisprudence is drawn from tort law. The doctrine is generally thought to be inapposite when an injury is definite, readily discoverable, and accessible in the sense that nothing impedes the injured party from seeking to redress it." *Dziura v. United States*, 168 F.3d 581, 583 (1st Cir. 1999).

*See Dziura v. United States*, 168 F.3d 581, 583 (1st Cir. 1999)

(holding that taxpayers' cause of action accrued when they "knew

the essential elements of their potential claim" and rejecting a

continuing violation theory); *Keohane v. United States*, 669 F.3d

325, 330 (Fed. Cir. 2012) (once [plaintiff] "knew of the levy,

'nothing prevented him from recognizing the potential injury at

that time, nor would later events provide greater insight into

his possible cause of action.'" (citations omitted)).[5]

Here, Plaintiffs had a "reasonable opportunity" to

know of the essential elements of their claim on April 7, 2008,

when the IRS first issued a levy against the Plaintiffs for tax

years allegedly already paid off on March 21, 2008.  (Compl. ¶¶

10-11).  *See Simmons v. United States*, 875 F. Supp. 318, 320

(W.D.N.C. 1994) (stating that a plaintiff's cause of action

challenging the IRS's levy "accrued when a collection action

began. 'A notice and demand for payment constitutes a collection

---

[5] Plaintiffs cite to *Claitor v. United States*, CIV. 97-20524 SW, 1999 WL 67533 at *4 (N.D. Cal. July 29, 1990); *Page v. United States*, 729 F.2d 818, 821 (D.C. Cir. 1984); and *Wallace v. United States*, 557 F. Supp. 2d 100, 104 (D.C. Cir. 2008) in support of their continuing violation argument. *Page* concerned a tort cause of action stemming from continuing treatment by the Veterans Administration; its logic is not persuasive in the context of tax levies or liens. *Page*, 729 F.2d at 819. Moreover, *Wallace* – which relied on *Claitor* – was quickly rejected by the United States District Court for the District of Columbia. *Long v. United States*, 604 F. Supp. 2d 119, 122 (D.D.C. 2009) ("In view of the decision in *Macklin*, *Dziura* and *Nesovic* – all of which were tax cases – the Court is not convinced that [the *Wallace* court's] analysis is correct.") As the court in *Long* noted, the attachment of a lien "constitutes a single act." *Long*, 604 F. Supp. 2d at 122. Therefore, "[t]he liens are not subject to the continuing violation doctrine. *Id.* (citing *Macklin v. United States*, 300 F.3d 814, 824 (7th Cir. 2002); *Dzuira v. United States*, 168 F.3d 581, 583 (1st Cir. 1999); *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995)).

action, as does the filing of a notice of tax lien.'")
(citations omitted).  Indeed, Plaintiffs emphasize that they
were subjected to collection actions for "over three and a half
years."  (Compl. ¶ 28.)  Thus, Plaintiffs were aware of the
IRS's collection actions when they first began in April 2008 and
had a "reasonable opportunity" to discover the elements of their
cause of action at that time.  *Richard*, 746 F. Supp. 2d at 782.
Accordingly, because plaintiffs did not file their
administrative claim "during the last six months of the period
of limitations," Plaintiffs cannot rely on the six-month period
provided for in C.F.R. § 301.7433-1(d)(2).

        Moreover, even if Plaintiffs' claims as to the accrual
date of their cause of action were correct – which they are not
– they would still not be able to rely upon the six-month period
provided for in C.F.R. § 301.7433-1(d)(2).  Plaintiffs allege
that the IRS improperly issued levies against them from April 8,
2008 to September 27, 2011.  Even if their cause of action
accrued on September 27, 2011, as Plaintiffs apparently argue,
their administrative complaint was filed on March 8, 2013 – more
than six months prior.  (Opp. at 2 ("As alleged in the
complaint, the cause of action accrued in September of 2011.").)[6]

---

[6] Plaintiffs' Complaint states that their cause of action accrued "on May 11, 2010 and September 27, 2011, the dates of the last [levies] issued by the IRS." (Compl. ¶ 19.)  Additionally, the Complaint states that "the right of action also accrued on July 7, 2011 and October 7, 2011, the dates of the releases of lien issued by the IRS." (Compl. ¶ 19.)  Plaintiffs' opposition

11

Thus, because Plaintiffs filed suit in this Court before either of the permitted dates provided in C.F.R. § 301.7433(d)(1) and cannot invoke the six-month period provided for in C.F.R. § 301.7433-1(d)(2), Plaintiffs failed to properly exhaust administrative remedies before the IRS.  The Court is therefore without subject matter jurisdiction over Plaintiffs' § 7433 claim.  Accordingly, Plaintiffs' claim arising under § 7433 will be dismissed.

### 2. Claims Under Section 7432

Additionally, Defendant argues that to the extent that Plaintiffs assert a claim arising under 26 U.S.C. § 7432, such a claim would likewise be barred for failure to exhaust administrative remedies.  (Mem. at 7.)  Section 7432 provides a cause of action for damages for failure to release a lien under § 6325 of the Internal Revenue Code.  Like § 7433, § 7432 contains an administrative exhaustion requirement.  26 U.S.C. § 7432(d)(1).

Plaintiffs allege that the IRS wrongfully failed to issue a release of lien as to tax years 1999, 2002, 2003, 2004, and 2005 in violation of § 6325(a)(1).  (Compl. ¶¶ 2, 12.) Plaintiffs do not, however, explicitly allege a cause of action arising under § 7432.  Moreover, Plaintiffs have not filed a §

---

brief, however, argues only that the "cause of action accrued in September of 2011." (Opp. at 2.)  Moreover, all of the accrual dates alleged by Plaintiff rely on a misapplication of the continuing violation theory.

7432 administrative claim.  (Mem. Ex. 1.)  Therefore, Plaintiffs

have not properly exhausted administrative remedies as to any

claim for failure to timely release a lien.  *See Bennett*, 361 F.

Supp. 2d at 517 (finding in the context of a tax refund claim

under 26 U.S.C. § 7422 that a claim under § 7433 "was not

intended to supplement or supersede or allow taxpayers to

circumvent proper procedures" under another section (citations

omitted)).  Accordingly, any § 7432 claim will be dismissed.

B.    Statute of Limitations

Defendant argues that even had Plaintiffs properly

exhausted administrative remedies, their claims would be time

barred.  (Mem. at 5.)  As noted above, any suit against the

Government requires a waiver of sovereign immunity, and the

terms of the waiver define the court's jurisdiction to entertain

the suit.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990)

(citations omitted).  One such condition on the terms of the

Government's waiver of immunity is a statute of limitations.

*See United States v. Mottaz*, 476 U.S. 834, 841 (1986).  In the

tax context, the limitations period of U.S.C. § 7433(d)(3)

serves as a restriction on the Government's consent to be sued.

"Accordingly, this Court does not have jurisdiction over suits

filed outside the limitations period. . . ."  *Young v. U.S.*

*Dep't of Treasury*, No. 02-1644-A, 2003 WL 1909005, at *3 (E.D.

Va. Mar. 7, 2003).

As discussed above, Plaintiffs' § 7433 claims accrued on April 7, 2008, when the IRS began to levy against Plaintiffs. (Compl. ¶ 10.) Plaintiffs filed their Complaint on March 23, 2012, outside the two-year statute of limitations. Therefore, Plaintiffs' claims under § 7433 would be time-barred even if they had properly exhausted administrative remedies. Accordingly, Plaintiffs' failure to timely file their Complaint provides an alternative grounds for dismissal pursuant to 12(b)(1).

Because the Court finds that Plaintiffs did not exhaust administrative remedies as to any purported § 7432 claim, it declines to consider the timeliness of such an action.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.

|                      |                                          |
|----------------------|------------------------------------------|
|                      | /s/                                      |
| October 2, 2013      | James C. Cacheris                        |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE       |